**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cecil James RHODES and John
Simmons, a/k/a "Buckeye",
Defendants-Appellants.**

No. 78–1568.

United States Court of Appeals,
Fifth Circuit.

March 26, 1979.

Rehearing Denied April 20, 1979.

Lloyd S. Marks, Miami, Fla., for defendants-appellants.

Jack V. Eskenazi, U. S. Atty., Barbara D. Schwartz, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, HILL and FAY, Circuit Judges.

PER CURIAM:

Appellants entered pleas of guilty to two counts of a four count indictment dealing with distribution of heroin and illegal possession of a firearm.[1] Simmons received sentences totalling eight years incarceration and Rhodes seven years incarceration. Sentences were imposed on February 6, 1978. On February 14, 1978, both appellants moved to withdraw their guilty pleas on the ground that the government violated the plea bargain agreement. This motion was denied. We affirm.

█ It is contended by appellants that the government agreed to dismiss two counts of the indictment and to remain silent on the question of proper sentences in return for the defendants entering guilty pleas as to the charges in two counts. Appellants argue that this agreement was breached by the government making adverse comments to the probation officer preparing the presentence investigative report for the district court. The government responds with its version of the agreement which is that the government would say nothing as to a recommended period of confinement for either defendant.[2]

The trial judge made it clear from the outset that there would be no disputes concerning pre-plea agreements and that if the defendants had any quarrel with the conduct of representatives of the government they would be allowed to withdraw their guilty pleas prior to the imposition of sentences.

At the time of sentencing, February 6, 1978, counsel for defendants discussed the situation at length with the court. The following colloquy is reflected:

Mr. Marks: We had a stipulation that we would consent to the presentence report, and we are aware of that. I have gone over the presentence report, and I read it.

It was our understanding that Miss Schwartz would not say anything, that she would remain silent. And if that is the case, then we are ready for sentencing. I would like to say some words, and if she wishes to speak, we were given the right to withdraw our plea in the event that she does.

Miss Schwartz: The agreement, Your Honor, was that the government would not make a recommendation of any period of time. That was the agreement.

The Court: Okay. All right, go ahead, Mr. Marks.

Mr. Marks: Judge, in the event that she wishes to speak—

The Court: Well, go ahead. Why don't I hear from you and not from her and then that takes care of any problem.

Mr. Marks: All right. You have the presentence reports in front of you.

Thereafter both defendants were afforded the right of allocution and lengthy proceedings ensued. The prosecutor remained silent. Sentences were imposed. Postponements were requested and granted for the defendants reporting to the United States Marshal. No mention was made of the defendants desiring to withdraw their guilty pleas for eight days thereafter.

If indeed there was a plea agreement, and this is refuted in no uncertain terms by the district court in its order of February 15, 1978, these defendants were afforded the full benefits thereof. As acknowledged by counsel, in the presence of both defendants, the guilty pleas could be withdrawn anytime prior to the imposition of sentence. No such relief was sought. Not until the day before defendants were to report for commencement of their confinement sentences was such a request made.

█ Counsel protests at oral argument that he could not interrupt the presiding judge or he would have requested the right to withdraw the guilty pleas. A review of

---

1. 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1).

2. For a discussion of some of the problems surrounding such a pre-plea agreement see *United States v. Avery*, 589 F.2d 906 (5th Cir. 1979).

the lengthy transcript of the sentencing hearing shows this argument to be frivolous. The court listened patiently to counsel, the defendants and family of the defendants. We conclude that if any plea agreement existed and if such agreement was broken, the defendants were afforded full relief. Each was told his guilty plea could be withdrawn prior to sentencing. No such request was presented.

AFFIRMED.[3]

---

[3] We again note the continuing stream of appeals involving the question of pre-plea agreements arising from the Southern District of Florida. We urge all concerned to reduce such agreements to writings filed in the record.